IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PAULA MILLER,<br>1439 South Illinois<br>Litchfield, IL 62056,<br><br>    Plaintiff,<br><br>vs.<br><br>JARRET BANKS,<br>4254 Flora PL<br>St. Louis, MO 63110,<br><br>and<br><br>TESLA, INC., a corporation<br>3500 Deer Creek Road<br>Palo Alto, CA 94304,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   NO:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PETITION**

### **COUNT I**
(Negligence)
Paula Miller v. Jarret Banks

Now comes the Plaintiff, Paula Miller, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for her cause of action against the Defendant, Jarret Banks, respectfully represents unto the Court as follows:

1. That the Plaintiff, Paula Miller, is a citizen of Litchfield, in the County of Montgomery, and the State of Illinois.

2. That the Defendant, Jarrett Banks, is a citizen of St. Louis, in the County of St. Louis City, and the State of Missouri.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs interest and costs.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. That on September 20, 2017, the Plaintiff, Paula Miller, was a passenger in a motor vehicle traveling Southbound on the I-170 exit ramp to Eastbound Olive in Olivette, Missouri.

7. That on September 20, 2017, the Defendant, Jarrett Banks, was operating a motor vehicle travelling Southbound on the I-170 exit ramp to Eastbound Olive in Olivette, Missouri.

8. That at said time and place, the vehicle operated by the Defendant, Jarret Banks, struck the rear of the vehicle in which Plaintiff was a passenger.

9. At said time and place, the Defendant, Jarrett Banks, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which Plaintiff was a passenger;

    b. The Defendant drove a vehicle in such a manner as to cause it to strike the vehicle in which Plaintiff was a passenger;

    c. The Defendant failed to properly apply the brakes of the vehicle;

    d. The Defendant failed to ensure that the autopilot feature of his vehicle was properly activated;

    e. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway; and

    f. The Defendant followed the vehicle in which Plaintiff was a passenger more closely than was reasonable and proper having regard for the speed of such

vehicle and the traffic then and there upon said highway and the condition of the highway.

10. As a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Jarrett Banks, the Plaintiff was injured in one or more of the following ways:

   a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

   b. The Plaintiff received injuries to her head;

   c. The Plaintiff received injuries to her neck;

   d. The Plaintiff received injuries to her back;

   e. The Plaintiff received injuries to the soft tissues of the cervical and shoulder area, including the muscles, ligaments, tendons and nerves;

   f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

   g. The Plaintiff has suffered disability as a result of her injuries;

   h. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

   i. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Paula Miller, prays judgment against the Defendant, Jarrett Banks, for a fair and just award in excess of Seventy-five Thousand Dollars ($75,000.00) plus costs of this suit.

**COUNT II**
(Negligence/Respondeat Superior)
Paula Miller v. Tesla, Inc.

Now comes the Plaintiff, Paula Miller, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for her cause of action against the Defendant, Tesla Inc., respectfully represents unto the Court as follows:

1. That the Plaintiff, Paula Miller, is a citizen of Litchfield, in the County of Montgomery, and the State of Illinois.

2. That the Defendant, Tesla, Inc., is a corporation with its principal place of business in California, and is incorporated in the State of Delaware.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs interest and costs.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. On September 20, 2017, Defendant, Tesla, Inc., was doing business at its dealership located at 8664 Olive Blvd, University City, MO 63132, in the County of St. Louis City, and the State of Missouri.

7. That Defendant, Jarrett Banks, was test driving one of Tesla's vehicles on September 20, 2017 out of the dealership located at 8664 Olive Boulevard, University City, MO, 63132, and Defendant Tesla, Inc.'s agent and employee, Brad Benowitz, was a passenger in the vehicle during the test drive.

8. That on September 20, 2017, the Plaintiff, Paula Miller, was a passenger in a motor vehicle traveling Southbound on the I-170 exit ramp to Eastbound Olive in Olivette, Missouri.

9. That on September 20, 2017, the Defendant, Jarrett Banks, was operating Defendant, Tesla, Inc.'s motor vehicle travelling Southbound on the I-170 exit ramp to Eastbound Olive in Olivette, Missouri.

8. That at the aforementioned time and place, Defendant Tesla, Inc., by and through its agent and employee, Brad Benowitz, had a duty to inform Defendant Banks of the features of the vehicle, instruct Defendant Banks in the use of the features of the vehicle, and ensure that Defendant Banks safely operated the vehicle and its features, including auto pilot.

9. That at said time and place, the vehicle operated by the Defendant, Jarret Banks, struck the rear of the vehicle in which Plaintiff was a passenger, while under the supervision of Tesla, Inc., by and through its passenger agent and employee, Brad Benowitz.

10. At said time and place, the Defendant, Tesla, Inc., committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. Defendant failed to instruct Banks on the appropriate use of the autopilot feature;

    b. Defendant failed to adequately inform Defendant Banks of the safety features of the vehicle;

    c. Defendant failed to advise or caution Banks on the use of autopilot feature as a primary safety feature rather than a standby or backup system;

    d. Defendant failed to inform Banks that the autopilot feature was not active;

    e. Defendant failed to ensure that the autopilot feature was active and functioning properly during the test drive;

    f. Defendant failed to warn Banks of the impending collision.

11. As a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Tesla, Inc., a corporation, by and through its

agent and employee, Brad Benowitz, the Plaintiff was injured in one or more of the following ways:

    a.    The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

    b.    The Plaintiff received injuries to her head;

    c.    The Plaintiff received injuries to her neck;

    d.    The Plaintiff received injuries to her back;

    e.    The Plaintiff received injuries to the soft tissues of the cervical and shoulder area, including the muscles, ligaments, tendons and nerves;

    f.    The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    g.    The Plaintiff has suffered disability as a result of her injuries;

    h.    The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    i.    The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Paula Miller, prays judgment against the Defendant, Tesla Inc., for a fair and just award in excess of Seventy-five Thousand Dollars ($75,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Thomas C. Rich
BY:     RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #42912
Mrs. Kristina D. Cooksey #62580
Mrs. Michelle M. Rich #65592
Mr. Aaron J. Chappell # 64774
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com